**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EBONE LEROY EAST,             ) NO. ED CV 09-142-GW(E)
                        )
            Plaintiff,    )
                        )
     v.                ) MEMORANDUM AND ORDER
                        )
K. LEWIS, et al.,        )
                        )
            Defendants.   )
_____)

**BACKGROUND**

Plaintiff is a state detainee at the West Valley Detention Center in San Bernardino, California (the "WVDC"), who is accused of violating California criminal law. Plaintiff filed this pro se civil rights action on January 26, 2009, against San Bernardino Sheriff Deputies K. Lewis, Mondragon, and Grizzle, and against WVDC Psychotherapist Christina Wooder. The Complaint does not indicate whether the Defendants are sued in their individual and/or official capacities.

///

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff asserts three claims.  In Counts 1 and 2, Plaintiff alleges that Defendant Wooder voluntarily disclosed assertedly privileged information that Plaintiff had provided to Defendant Wooder concerning his mental condition.  Plaintiff alleges that this information was used to reclassify him as "assaultive," and to move him to a housing unit where he is locked down 23.5 hours per day and fed sometimes only twice per day.  Plaintiff further alleges he has been denied medication that he has requested to treat his alleged mental illness.  Plaintiff alleges that these actions have subjected Plaintiff to cruel and unusual punishment based on his mental disability, in asserted violation of his Eighth Amendment rights (Complaint, pp. 3-4).

In Count 3, Plaintiff alleges that Defendants Lewis, Mondragon and Grizzle used excessive force by slamming Plaintiff on his bunk, twisting Plaintiff's left arm causing injury, choking Plaintiff, and twisting Plaintiff's leg.  Plaintiff alleges that the deputies then dragged him out of his cell and threw him on the floor.  Plaintiff claims he received a busted lip and minor bruising to his left arm and face.  Plaintiff also claims he required an x-ray of his injured arm, but that no x-ray was performed (Complaint, p. 5).

Plaintiff alleges that he filed a grievance with the San Bernardino County Sheriff's Department, but that no action was taken beyond blaming the incident on the San Bernardino Police Department (Complaint, p. 6).  The Complaint does not include a prayer for relief

1  or indicate what redress Plaintiff is seeking.

2

3                        **DISCUSSION**

4

5      As Plaintiff is a prisoner proceeding on a civil rights complaint
6  naming governmental defendants and addressing conditions in a
7  correctional facility, the Court must screen the Complaint prior to
8  ordering service on the Defendants, identify cognizable claims, and
9  dismiss any claims that fail to state a claim upon which relief may be
10 granted.  See 28 U.S.C. § 1915A ("prisoner" complaints against
11 government defendants by detained persons accused of crimes); 42
12 U.S.C. § 1997e(c) (complaints regarding "prison" conditions by a
13 prisoner confined in any jail, prison, or other correctional
14 facility); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th
15 Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("The statutory
16 authority is clear: 'the court shall dismiss at any time if the court
17 determines that. . . the action or appeal. . . fails to state claim on
18 which relief may be granted.'") (emphasis in original, citing 28
19 U.S.C. § 1915(e)(2)(B)(ii)).

20

21     When a plaintiff appears pro se, the court construes the
22 pleadings liberally to afford the plaintiff the benefit of any doubt.
23 Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.
24 1988).  Giving Plaintiff the benefit of any doubt, the Complaint in
25 this action appears deficient for the following reasons.
26 ///
27 ///
28 ///

3

**I.     The Complaint Fails to Identify the Capacity in Which Each
Defendant is Being Sued and Fails to Specify the Relief Sought
from the Defendants.**

Under Rule 8(a) of the Federal Rules of Civil Procedure, a
complaint must contain, <u>inter alia</u>: (1) "a short and plain statement
of the claim showing that the pleader is entitled to relief"; and
(2) "a demand for the relief sought, which may include relief in the
alternative or different types of relief." "Each allegation must be
simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Experience
teaches that, unless cases are pled clearly and precisely, issues are
not joined, discovery is not controlled, the trial court's docket
becomes unmanageable, the litigants suffer, and society loses
confidence in the court's ability to administer justice." <u>Bautista v.
Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000) (citations and
quotations omitted).

As noted above, the Complaint does not clearly identify the
capacity in which each Defendant is being sued on each of Plaintiff's
claims, and does not specify the relief Plaintiff seeks. A complaint
is subject to dismissal if "one cannot determine from the complaint
who is being sued, for what relief, and on what theory, with enough
detail to guide discovery." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th
Cir. 1996). Accordingly, the Complaint should be dismissed for

1  failure to comply with Rule 8(a).[1]

2

3  **II.  Plaintiff, as a Pretrial Detainee, Has No Eighth Amendment Claim**

4      **Concerning His Inmate Classification and Housing; Any Claim**

5      **Plaintiff May Assert is a Fourteenth Amendment Due Process Claim.**

6

7      To the extent Plaintiff may be asserting in Counts 1 and 2 a

8  claim that WVDC officials: (1) were deliberately indifferent to

9

10  _____

11      [1]   To the extent Plaintiff may seek to assert official
    capacity claims against the individual Defendants, the Court
12  notes that those claims must be construed as claims against the
    entity by whom Defendants are employed, i.e., San Bernardino
13  County.  See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  A
    local government entity, such as San Bernardino County, "may not
14  be sued under § 1983 for an injury inflicted solely by its
    employees or agents.  Instead, it is only when execution of a
15  government's policy or custom, whether made by its lawmakers or
    by those whose edicts or acts may fairly be said to represent
16  official policy, inflicts the injury that the government as an
    entity is responsible under § 1983."  Monell v. New York City
17  Dept. of Social Services, 436 U.S. 658, 694 (1978).  Thus, the
    County may not be held liable for the alleged actions of
18  individuals operating under the auspices of the County at the
    WVDC unless "the action that is alleged to be unconstitutional
19  implements or executes a policy statement, ordinance, regulation,
    or decision officially adopted or promulgated by that body's
20  officers," or if the alleged constitutional deprivation was
    "visited pursuant to a governmental 'custom' even though such a
21  custom has not received formal approval through the body's
    official decisionmaking channels."  Monell, 436 U.S. at 690-91;
22  see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185
    (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003) (describing
23  "two routes" to municipal liability, where municipality's
    official policy, regulation or decision violated plaintiff's
24  rights, or alternatively where municipality failed to act under
    circumstances showing its deliberate indifference to plaintiff's
25  rights) (citations omitted).  The pleading requirements for a
    municipal liability claim are not onerous.  See Galbraith v.
26  County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)
    (plaintiff need only allege that a defendant's conduct conformed
27  to official policy, custom or practice).  However, Plaintiff has
    not plead the County's liability under these standards.

28

Plaintiff's psychiatric treatment needs by failing to provide

psychiatric medication; and/or (2) placed Plaintiff in a special

housing unit and classified Plaintiff as "assaultive" based on the

information that Defendant Wooder allegedly shared, Plaintiff has not

alleged an Eighth Amendment cruel and unusual punishment claim.


     The Eighth Amendment's prohibition against cruel and unusual

punishment applies only after conviction and sentence.  <u>Pierce v.</u>

<u>Multnomah County, Oregon</u>, 76 F.3d 1032, 1042 (9th Cir.), <u>cert. denied</u>,

519 U.S. 1006 (1996).  The Eighth Amendment prohibition does not apply

to Plaintiff, who is a pretrial detainee.  The same standards

generally apply to pretrial detainees under the Due Process Clause,

however.  <u>Lolli v. County of Orange</u>, 351 F.3d 410, 418-19 (9th Cir.

2003) (citations omitted); <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d

at 1187; <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1398 (9th Cir.), <u>cert.</u>

<u>denied</u>, 525 U.S. 840 (1998).


     With respect to Plaintiff's deliberate indifference claim, the

Court notes that jail officials may violate the Constitution if they

are "deliberately indifferent" to an inmate's "serious medical needs."

<u>See</u> <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d at 1187 (applying

Eighth Amendment "deliberate indifference" standard to pretrial

detainee's due process claim); <u>see also</u> <u>Farmer v. Brennan</u>, 511 U.S.

825, 834, 837 (1994) (detailing Eighth Amendment's subjective

"deliberate indifference" standard).  To be liable for "deliberate

indifference" for denying an inmate medical care, a jail official must

"know[] of and disregard[] an excessive risk to inmate health and

safety."  <u>Id.</u> at 837.  The official must "both be aware of facts from

1  which the inference could be drawn that a substantial risk of serious

2  harm [to the inmate] exists, and he [or she] must also draw the

3  inference." Id.

4

5      To the extent Plaintiff may assert a due process claim concerning

6  his housing within the WVDC, Plaintiff may not have a protected

7  interest to remain in a particular housing unit. "[T]he Constitution

8  itself does not give rise to a liberty interest in avoiding transfer

9  to more adverse conditions of confinement." Wilkinson v. Austin, 545

10 U.S. 209, 221 (2005) (citation omitted). However, "a liberty interest

11 in avoiding particular conditions of confinement may arise from state

12 policies or regulations, subject to the important limitations set

13 forth in Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d

14 418 (1995)." Wilkinson v. Austin, 545 U.S. at 222; see Sandin v.

15 Conner, 515 U.S. 472 (1995) ("Sandin").

16

17     Under Sandin, state prison regulations generally will create a

18 federally enforceable liberty interest only where their application to

19 an inmate "inevitably" affects the duration of the inmate's sentence

20 or imposes an "atypical and significant hardship upon the inmate in

21 relation to the ordinary incidents of prison life." Sandin, 515 U.S.

22 at 484, 487. The Sandin analysis applies to conditions of confinement

23 for pretrial detainees which are not imposed as punishment. See

24 Mitchell v. Dupnik, 75 F.3d 517, 523 (9th Cir. 1996).

25

26     Here, Plaintiff has not alleged that his classification and

27 housing affect the duration of Plaintiff's confinement in the WVDC.

28 Assuming, arguendo, Sandin applies because Plaintiff's classification

1  and housing are not a form of punishment, Plaintiff has failed to

2  plead that the challenged acts caused Plaintiff to suffer any

3  "atypical and significant hardship" so as to give rise to a liberty

4  interest protected by the Due Process Clause.  <u>Sandin</u>, 515 U.S. at

5  484, 487; <u>see also</u> <u>Resnick v. Hayes</u>, 213 F.3d 443, 448-49 (9th Cir.

6  2000) (under <u>Sandin</u>, plaintiff failed to state due process claim for

7  confinement in special housing unit pending prison disciplinary

8  hearing, where complaint failed to allege that conditions in special

9  housing unit were materially different from conditions in disciplinary

10  segregation or general population).

11

12                                **ORDER**

13

14      The Complaint is dismissed with leave to amend.  If Plaintiff

15  still wishes to pursue this action, he is granted thirty (30) days

16  from the date of this Order within which to file a First Amended

17  Complaint.  The First Amended Complaint shall be complete in itself.

18  It shall not refer in any manner to any prior complaint.  Plaintiff

19  shall not attempt to add additional parties without leave of Court.

20  <u>See</u> Fed. R. Civ. P. 21.  Failure to file timely a First Amended

21  Complaint in conformity with this Memorandum and Order may result in

22  the dismissal of this action.  <u>See</u> <u>Simon v. Value Behavioral Health,</u>

23  <u>Inc.</u>, 208 F.3d 1073, 1084 (9th Cir.), <u>amended</u>, 234 F.3d 428 (9th Cir.

24  2000), <u>cert. denied</u>, 531 U.S. 1104 (2001), <u>overruled on other grounds</u>,

25  <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541 (9th Cir.), <u>cert. denied</u>, 128

26  S. Ct. 464 (2007) (affirming dismissal without leave to amend where

27  plaintiff failed to correct deficiencies in complaint, where court had

28  afforded plaintiff opportunities to do so, and where court had given

1  plaintiff notice of the substantive problems with his claims); <u>Plumeau</u>

2  <u>v. School District #40, County of Yamhill</u>, 130 F.3d 432, 439 (9th Cir.

3  1997) (denial of leave to amend appropriate where further amendment

4  would be futile).

5

6      IT IS SO ORDERED.

7

8      DATED:  April 24, 2009

9

10

11  _____
                              GEORGE H. WU
12                   UNITED STATES DISTRICT JUDGE

13

14

15

16  Presented this 6th day of

17  February, 2009, by

18

19  _____/S/_____
            CHARLES F. EICK
20  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28